UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 09-166-JBC

MELISSA S. HAMILTON,                                                                 PLAINTIFF,

V.                         MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                              DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for summary judgment (R. 9) and the defendant's motion for entry of judgment and to remand (R. 12). For the following reasons, the plaintiff's motion will be denied and the defendant's motion will be granted.

I.     Overview of the Process

Judicial review of the decision of an Administrative Law Judge ("ALJ") to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). The court does not try the case *de novo*, resolve

conflicts in the evidence, or decide questions of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

In determining disability, the ALJ conducts a five-step analysis. At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity; at Step 2, the ALJ determines whether one or more of the claimant's impairments are "severe"; at Step 3, the ALJ analyzes whether the claimant's impairments, singly or in combination, meet or equal a listing in the Listing of Impairments; at Step 4, the ALJ determines whether the claimant can perform past relevant work; and finally, at Step 5 – the step at which the burden of proof shifts to the Commissioner – the ALJ determines, once it is established that the claimant cannot perform past relevant work, whether significant numbers of other jobs exist in the national economy which the claimant can perform. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); 20 C.F.R. § 404.1520.

II.     **The ALJ's Determination**

At the time of the alleged onset of Hamilton's disability, she was thirty years of age. AR 62. She filed an application for social security benefits on November 15, 2006. AR 15; 62-64. The claim was initially denied on May 14, 2007 (AR 50-53), and again upon reconsideration on July 3, 2007 (AR 46-48). After a video hearing on March 10, 2008 (AR 294-323), Administrative Law Judge ("ALJ")

2

Gloria York determined that Hamilton did not suffer from a disability as defined by the Social Security Act (AR 12-23).

At Step 1, the ALJ found that Hamilton had not engaged in substantial gainful activity since the application date, November 15, 2006. AR 17. At Step 2, the ALJ found that Hamilton suffered from the following combination of impairments considered "severe" under 20 CFR 404.1520(c): a major depressive disorder with a history of bipolar disorder. AR 17-18. The ALJ then determined at Step 3 that Hamilton's impairments did not meet or equal a listing in the Listing of Impairments in 20 CRF § 404, Subpart P, Appendix 1. AR 18. At Step 4, the ALJ determined that Hamilton was not able to perform her past relevant work as a seamstress, receptionist/bookkeeper, babysitter, or customer service worker. AR 22. Thus, the ALJ denied Hamilton's claim on September 30, 2008. AR 12-23. Hamilton appealed the decision (AR 9-11), and her request for review was denied (AR 6-8). Following the denial, Hamilton filed this action.

### III. Legal Analysis

The Commissioner requests a judgment and remand, pursuant to sentence four of 42 U.S.C. § 1383(c)(3),[1] presumably because of the final decision issued by

---

[1]There is no "sentence four" of 42 U.S.C. § 1383(c)(3), which, in its entirety, reads: "The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title." The SSA likely intended 42 U.S.C. § 405(g), which is the provision that the SSA actually quotes and which applies to this issue.

a previous ALJ to which the Commissioner refers. R. 12 at 2. However, the Commissioner does not provide any details or documentation of that decision and there is none in the administrative record. Hamilton does not mention a prior disability determination. *See generally* R. 2, 9. In fact, her application summary for disability insurance benefits states that "No previous application has been filed with the Social Security Administration." AR 62.

Without more information, this court cannot modify or affirm ALJ York's decision. Assuming this is a case in which there are consecutive disability claims, ALJ York, the latter ALJ, is bound by findings of fact made in a prior disability determination unless new and material evidence establishes changed circumstances. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997); *Dennard v. Sec'y Health & Human Servs.*, 907 F.2d 598, 600 (6th Cir. 1990). Here, ALJ York did not acknowledge, much less adopt, the prior ALJ's final decision, nor did she articulate new and material evidence of changed circumstances in Hamilton's condition since the alleged date of the earlier decision, June 4, 2002. *See* Social Security Acquiescence Ruling 98-4(6) (June 1, 2998).

Accordingly, **IT IS ORDERED** that the plaintiff's motion (R. 9) is **DENIED** and the defendant's motion (R. 12) is **GRANTED**. **IT IS FURTHER ORDERED** that pursuant to sentence four of 42 U.S.C. § 405(g), the case is **REVERSED** and **REMANDED** to the ALJ for further findings in accordance with this decision.

4

**Signed on April 21, 2010**

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY